[PHILADELPHIA, JANUARY 21st, 1837.]

## GEOGHEGAN *against* REID and Another.

#### IN ERROR.

1. The indorser of a promissory note is not a competent witness to prove the handwriting of the drawer, in an action by the holder of the note against him ; because he would be entitled, if the plaintiff should recover, to an assignment of the judgment against the drawer, on paying the amount of the note, &c.

2. The action of *assumpsit* on a promissory note and bill of exchange is within the saving clause of the act of 1713 relating to the limitation of actions.

WRIT of error to the District Court for the City and County of Philadelphia, in which John H. Reid and William Leckie, co-partners under the firm of Reid and Leckie, brought an action of *assumpsit*, to December term 1833, against John Geoghegan.

The declaration contained three counts. The first count was on the acceptance by the defendant, of a bill of exchange, dated Dublin, January 13th, 1826, payable 31 days after date, for thirty-six pounds sterling, drawn on the defendant by Thomas Morrison, payable to his own order, and endorsed by him. The second count was on a promissory note, drawn by the defendant on the 23d day of December 1825, at Dublin, for £30 sterling payable two months after date in favour of Thomas Morrison, and by him endorsed. There was also a count for money lent, &c. The declaration averred, that at the time of the making of the bill of exchange and promissory note, the plaintiffs were and still are non-residents of the United States; to wit, that they are residents of Dublin in the kingdom of Ireland, &c.

The defendant pleaded *non assumpsit* and payment, set-off, *non assumpsit infra sex annos, actio non accrevit infra sex annos*, &c. The plaintiff replied *non solvit*, &c., and that the plaintiffs were and are non-residents, &c.

The case was tried before PETTIT, President, on the 2d of March 1836, when the plaintiff offered Thomas Morrison, the drawer of the bill and endorser of the note, as a witness to prove the handwriting of the defendant. The defendant's counsel objected to the competency of the witness; but the learned Judge admitted him, and the defendant's counsel excepted to the decision.

(Geoghegan v. Reid.)

The Judge charged the jury that the plaintiffs having been beyond seas when the cause of action accrued, were not bound by the lapse of six years since the bill and note were payable, but that upon the law the plaintiff was entitled to recover; to which also the defendant's counsel excepted; and the jury found for the plaintiff.

A rule to show cause why a new trial should not be granted, having been discharged,* the defendant removed the record to this Court, and assigned the following errors, viz. :—

"1st. That the Court below erred in admitting Thomas Morrison as a witness to prove the hand-writing of John Geoghegan, the defendant below.

2d. That the Court erred in charging the jury, relative to the statute of limitations, and its effects and operations in this case.

3d. That the saving clause in the 5th section of the act of 27th March 1713, about limitation of actions relating to persons beyond seas, does not extend to actions on the case, brought to recover the amount of promissory notes or bills of exchange.

4th. That the issue formed by the plea of the statute of limitations, and the replication thereto, was insufficient to support the plaintiff's cause of action."

Mr. *Fallon*, for the plaintiff in error, contended,—1. That Morrison was not a competent witness to prove the hand-writing of the drawer of the note, for which he was offered, inasmuch as he would be liable to the plaintiff, if the hand-writing of the drawer should be forged. *Sykes* v. *Summerill*, (3 *Yeates*, 531.) *Herrick* v. *Whitney*, (15 *Johns*. 240.) *Barnes* v. *Bull*, (1 *Mass. Rep*. 73.) *Rice* v. *Stearns*, (3 *Mass. Rep*. 225.) The Judge who delivered the opinion of the District Court on the motion for a new trial, relied on the case of *Dickinson* v. *Prentice*, (4 *Esp. N. P*. 32,) which decided that the *drawer* of a bill was competent to prove the hand-writing of the *acceptor*, which is a different case from this; because the drawer does not warrant the hand-writing of the acceptor. The cases cited on the other side, are all cases of *bills;* and it does not appear that in any of them, the drawer was also endorser. *Brown* v. *Downing*, (4 *Serg. & Rawle*, 97.) *Stille* v. *Lynch*, (2 *Dall*. 194.)

2d. That the action of *assumpsit* was not included within the actions, mentioned in the saving clause of the act of 27th March 1713. The act of 28th May 1715, authorising suits upon promissory notes, &c. in the name of the holders, declares that they shall be commenced within the time appointed for commencing actions on the case by the act of 1713; which act excepts only actions of

* For the arguments in the Court below, and the opinion of the Court, see 1 *Miles*, 204, (*Reid* v. *Geoghegan*.)

(Geoghegan *v.* Reid.)

trespass, detinue, &c.    *Sacia* v. *De Graff,* (1 *Cowen,* 356.)    2 *Saunders,* 120.    2 *Mod.* 71.    *Bishop* v. *Young,* (2 *Bos. & Pul.* 78.) *Chitty,* 56.    8 *Mod.* 373.    1 *Strange,* 680.

Mr. *J. A. Phillips,* for the defendant in error.—There was no evidence or allegation of fraud in respect to the hand-writing of the defendant.    The interest which is to cause the rejection of a witness, must be direct in the event of the suit.    *Wakely* v. *Hart,* (6 *Binn.* 319.)    *Cornogg* v. *Abraham,* (1 *Yeates,* 84.)    *Hays* v. *Green,* (4 *Binn.* 83.)    *Hart* v. *Heilner,* (3 *Rawle,* 407.)    *Dickinson* v. *Prentice,* (4 *Esp. N. P.* 32.)    *Fleming* v. *Wallace,* (2 *Yeates,* 120.) *Chitty on Bills,* 528, 532.    *Starkie on Evidence, part IV. p.* 298-9. *Juniata Bank* v. *Hale,* (5 *Serg. & Rawle,* 226.)    *Ludlow* v. *Union Ins. Co.* (2 *Serg.* & *Rawle,* 119.)    *Babb* v. *Clemson,* (12 *Serg. & Rawle,* 328.)    *Enters* v. *Peres,* (2 *Rawle,* 279.)    *Gest* v. *Espy,* (2 *Watts,* 265.)    4 *Taunt.* 464.

2. As to the acts of limitations, the decisions under the British statute are numerous and conclusive, (*Ballentine,* 181) ; and the legislature must be supposed to have passed the acts of 1713 and 1715 with the knowledge of them.    *Pennock* v. *Dialogue,* (2 *Peters,* 1.)

The opinion of the Court was delivered by

SERGEANT, J.—It is not necessary to decide the question, how far the endorser is bound to warrant the genuineness of the maker's signature, and therefore not a competent witness to prove it ; because we are of opinion, that there is another reason why the witness is directly interested in the event of this suit.    That is, that if the plaintiff recover, the witness may, by paying the amount of debt, interest and costs to the plaintiff, demand from him an assignment of the judgment.    This right may be considered, under the decisions of this Court, as a matter of course ; and one which the Court below would enforce by rule.    In *Burns* v. *The Huntingdon Bank,* (1 *Penn. Rep.* 395,) this power was exercised in favour of an endorser who had paid half the amount of the note, against persons who had become securities for the maker for a stay of execution.

On the question as to the extent of the saving clause in the act of limitations, we think the opinion of the Court below right.    Our act of assembly is copied nearly *verbatim* from the English statute ; and the construction of the latter had been previously settled by judicial decisions.    It is presumable, that our legislature were acquainted with this construction, and meant to adopt it.    If the point were now open to discussion, it seems to be a just and reasonable interpretation of the statute, according to its spirit and the general design of its provisions.

Judgment reversed, and a *venire facias de novo* awarded.